UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN MURRAY,<br><br>    Plaintiff,<br><br> v.<br><br>SPX FLOW, INC., MARCUS G. MICHAEL, MAJDI B. ABULABAN, ANNE K. ALTMAN, PATRICK D. CAMPBELL, ROBERT F. HULL, JR., JONATHAN M. PRATT, SONYA M. ROBERTS, SUZANNE B. ROWLAND, and DAVID V. SINGER,<br><br>    Defendants, | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Brian Murray ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against SPX FLOW, Inc. ("SPX FLOW" or the "Company") and SPX FLOW's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Lone Star Funds through its affiliate LSF11 Redwood Acquisitions LLC and its wholly-owned subsidiary Redwood Star Merger Sub, Inc. (collectively "Lone Star Funds").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on February 1, 2022. The Proxy recommends that SPX FLOW stockholders vote in favor of a proposed transaction (the "Proposed

1

Transaction") whereby SPX FLOW is acquired by Lone Star Funds. The Proposed Transaction was first disclosed on December 13, 2021, when SPX FLOW and Lone Star Funds announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Lone Star Funds will acquire all of the outstanding shares of common stock of SPX FLOW for $86.50 per share (the "Merger Consideration"). The deal is valued at approximately $3.8 billion and is expected to close in the first half of 2022.

3. The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the financial projections prepared by SPX FLOW management, as well as the financial analyses conducted by Morgan Stanley & Co. LLC ("Morgan Stanley"), SPX FLOW's financial advisor.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the Proxy or otherwise causing an amendment to the Proxy to be disseminated to SPX FLOW's stockholders, unless and until the material information discussed below is included in the Definitive Proxy or otherwise disseminated to SPX FLOW's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

## PARTIES

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of SPX FLOW.

6. Defendant SPX FLOW is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 13320 Ballantyne

Corporate Place, Charlotte, North Carolina 28277. SPX FLOW common stock trades on NYSE under the ticker symbol "FLOW."

7. Defendant Marcus G. Michael has been President, CEO, and a director of the Company since 2016.

8. Defendant Majdi B. Abulaban has been a director of the Company since 2018.

9. Defendant Anne K. Altman has been a director of the Company since 2015.

10. Defendant Patrick D. Campbell has been a director of the Company since 2015.

11. Defendant Robert F. Hull, Jr. has been a director of the Company since 2015. Defendant Hull is Chairman of the Board.

12. Defendant Jonathan M. Pratt has been a director of the Company since 2020.

13. Defendant Sonya M. Roberts has been a director of the Company since 2021.

14. Defendant Suzanne B. Rowland has been a director of the Company since 2018.

15. Defendant David V. Singer has been a director of the Company since 2015.

16. Defendants Michael, Abulaban, Altman, Campbell, Hull, Pratt, Roberts, Rowland and Singer are collectively referred to herein as the "Board."

17. Nonparty Lone Star Funds is a private equity firm that invests in real estate, equity, credit, and other assets. Lone Star Funds has offices around the world, and its principal executive offices are located in Dallas, Texas.

18. Nonparty LSF11 Redwood Acquisitions, LLC is a Delaware limited liability company and an affiliate of Lone Star Funds.

19. Nonparty Redwood Star Merger Sub, Inc. is a Delaware corporation and is a wholly owned subsidiary of LSF11 Redwood Acquisitions, LLC.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

21. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

22. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

**A. Background of the Company and the Proposed Transaction**

23. SPX FLOW manufactures and sells products like pumps, valves, hydraulic tools, and homogenizers used in sanitary and industrial processes. In 2020, approximately 47% of the Company's revenues came from sales in the food and beverage industry, while 53% of revenues came from sales in the industrial market.

24. On December 12, 2021, the Company entered into the Merger Agreement with Lone Star Funds.

25. According to the press release issued on December 13, 2021 announcing the Proposed Transaction:

**SPX FLOW to be Acquired by Lone Star for $86.50 Per Share in Cash**

**Transaction Valued at Approximately $3.8 Billion**

**Charlotte, N.C., Dec. 13, 2021** - SPX FLOW, Inc. (NYSE: FLOW), a leading provider of process solutions for the nutrition, health and industrial markets, announced today it entered into an agreement to be acquired by an affiliate of Lone Star Funds ("Lone Star") in an all-cash transaction valued at $3.8 billion, including the assumption of debt.

The purchase price represents a premium of nearly 40% over SPX FLOW's closing stock price on July 16, 2021, the last trading day prior to the publication of an article in the July 19, 2021, edition of *The Wall Street Journal* stating that the Company received an unsolicited purchase offer.

"We are pleased to have reached this agreement with Lone Star, which is the result of a comprehensive review of alternatives, including a robust sale process, conducted by our Board in consultation with independent advisors," said Robert F. Hull, Jr., Chairman of the SPX FLOW Board of Directors. "As part of the process, SPX FLOW held discussions with multiple strategic and financial parties and evaluated the transaction against the Company's standalone prospects, performance and outlook. We believe this transaction is the right path forward and achieves our goal of maximizing value for SPX FLOW shareholders."

"SPX FLOW has transformed its business and made important progress executing against our strategic plans, and we believe this transaction with Lone Star is an exciting culmination of those efforts for our shareholders," said Marc Michael, SPX FLOW President and CEO. "In Lone Star, we have a partner that brings additional perspective and expertise to support the continued implementation of our strategic initiatives as we deliver reliable outcomes for customers and provide them the high-quality products and services they expect from us. This transaction is a testament to the achievements of our employees, and I would like to thank them for all they do to make SPX FLOW the premier process solutions company. We look forward to working with Lone Star to complete the transaction and delivering significant, immediate and certain value to our shareholders."

"We are excited about the opportunity to partner with SPX FLOW," said Donald Quintin, President, Lone Star Opportunity Funds. "This acquisition is consistent with Lone Star's strategy to invest in businesses with substantial runway for growth. We have great respect for SPX FLOW's talented employees and their commitment to innovation and serving customers. We look forward to working with Marc and the entire team to help advance SPX FLOW's strategy and capture the opportunities ahead."

**Transaction Details**

The transaction was unanimously approved by the SPX FLOW Board of Directors and is expected to close in H1 2022, subject to receipt of certain regulatory approvals, including expiration or termination of the applicable waiting period under the Hart-Scott-Rodino Antitrust Improvements Act, as well as SPX FLOW shareholder approval and other customary closing conditions. The transaction is not subject to a financing condition.

Upon completion of the transaction, SPX FLOW will become a privately held company and SPX FLOW's shares will no longer trade on The New York Stock Exchange.

As a condition to the transaction, SPX FLOW has agreed to suspend payment of its quarterly dividend, effective immediately.

**B. The Materially Incomplete and Misleading Proxy**

26. On February 1, 2022, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

*Materially Misleading Statements/Omissions Regarding the Management-Prepared Financial Forecasts*

27. The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of Morgan Stanley's fairness opinion, Morgan Stanley reviewed "certain financial projections prepared by the management of the Company." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that SPX FLOW's management provided to the Board and Morgan Stanley.

6

28.     Notably, Defendants failed to disclose projected free cash flows, as well as the line items underlying calculation of Adjusted EBITDA for each case. The Proxy further fails to disclose whether management or Morgan Stanley prepared the projections for the free cash flows as utilized by Morgan Stanley in its financial analyses. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning Morgan Stanley's Financial Analyses*

29.     With respect to the *Equity Research Analyst Price Targets*, the Proxy fails to disclose the undiscounted unaffected price targets as of July 16, 2021, as well as the undiscounted current price targets as of December 10, 2021. The Proxy further fails to disclose the basis for discounting the price targets by 9.3%.

30.     With respect to the *Discounted Cash Flow Analysis,* the Proxy fails to disclose the calculated terminal values for SPX FLOW, as well as the inputs and assumptions underlying the selection of terminal growth rates of 2.0% to 3.0%. The Proxy also fails to disclose the inputs and assumptions underlying the selection of discount rates of 7.7% to 9.5%. The Proxy also fails to disclose the number of fully diluted shares and the Company's net debt as of October 31, 2019.

31.     With respect to the *Discounted Equity Value Analysis,* the Proxy fails to disclose the inputs and assumptions underlying the selection of the discount rate of 9.3%. The Proxy also fails to disclose the number of fully diluted shares.

32.     With respect to the *Selected Precedent Transactions Analysis*, the Proxy fails to disclose the transactions utilized for the analysis, including the dates and values of the transactions. The Proxy also fails to disclose the multiples for LTM EBITDA for each observed transaction.

33.     With respect to the *Precedent Premia Analysis*, the Proxy fails to disclose the transactions utilized for the analysis, including the dates and values of the transactions. The Proxy

also fails to disclose the premia paid in the observed transactions.

34. This information is necessary to provide Company stockholders a complete and accurate picture of the Proposed Transaction and its fairness. Without this information, Plaintiff is not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the Proposed Transaction. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

35. In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

36. Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

37. Further, the Proxy indicates that on December 12, 2021, Morgan Stanley reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to SPX FLOW stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Morgan Stanley's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

38. Plaintiff is immediately threatened by the wrongs complained of herein, and lacks

an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

39.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

40.     Defendants have filed the Proxy with the SEC with the intention of soliciting SPX FLOW stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

41.     In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of SPX FLOW, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

42.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

43.     Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; and (ii) the value of SPX FLOW shares and the financial analyses performed by Morgan Stanley in support

of its fairness opinion.

44. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Morgan Stanley reviewed and discussed its financial analyses with the Board on December 12, 2021, and further states that the Board considered Morgan Stanley's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

45. The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

46. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of SPX FLOW within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of SPX FLOW and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

50. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

51. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.      Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the Proxy with the SEC or otherwise disseminating an amendment to the Proxy to SPX FLOW stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B.      Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C.      In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.      Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F.     Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: February 15, 2022                                  **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*